# JONATHAN MARKS, P.C.
ATTORNEY AT LAW
220 FIFTH AVENUE
3RD FLOOR
NEW YORK, N.Y. 10001

E-MAIL: jon@jonmarks.com
URL: jonmarks.com

TEL: (212) 545-8008
FAX: (212) 889-3595

May 30, 2008

The Honorable Paul A. Crotty
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **United States v. Gui Hong Chen**
               **07 CR 325-01 (PAC)**

Dear Judge Crotty:

      I represent defendant Gui Hong Chen and submit this letter memorandum in support of our application, made pursuant to 18 U.S.C. §3553(a), for a sentence below the Stipulated Guidelines Range of 37-46 months. This application is consistent with the plea, which permits either party to seek a sentence outside of the Stipulated Guidelines Range based on the factors set forth in Section 3553(a).

      Mr.Chen, a Chinese national and a permanent legal resident of the United States, has been in the United States since 2000. He has always been gainfully employed, first as a kitchen helper and later as a cook in several restaurants in New York and the Midwest. Most recently, he worked full-time as a driver for Five State Bus Company.

      As detailed below, Chen committed the charged crimes of trafficking in untaxed and counterfeit cigarettes and counterfeit tax stamps at the behest of his two bosses at the bus company. Although his bosses were the principals in the scheme and reaped the profits, it appears that they informed on Chen and avoided prosecution for their much more serious involvement. Only Chen was prosecuted. His bosses paid Chen $10,000 for his participation, a small sum compared to their presumably large profits.

JONATHAN MARKS, P.C.

Hon. Paul A. Crotty
May 30, 2008
Page Two

In February 2006, Chen was driving a bus along a route which included New York City and Kentucky. Zheng Feng, one of his bosses, asked Chen to find a source for cheap untaxed cigarettes in Kentucky. When Chen was able to find such cigarettes, Zheng Feng asked him to buy more. Another boss, Zheng Jian, gave Chen further instructions on how many cases of cigarettes to buy and how to transport them to New York. The bosses gave Chen cash and counterfeit cigarettes to pay for the untaxed cigarettes. While Chen admittedly purchased and transported untaxed and counterfeit cigarettes for Zheng Feng and Zheng Jian, he committed these crimes at their behest.

Zheng Feng and Zheng Jian said that they were working for the Department of Homeland Security (DHS). It appears that they were telling the truth. However, Zheng Jiang instructed Chen not to say anything to the DHS agents about the purchases he made for Zheng Jiang and Zheng Feng before July 2006, presumably so that they could keep their profits without DHS's knowing about their extra-curricular activities. "This has nothing to do with you," Zheng Jiang explained.

There is something unseemly about this prosecution. The principals of the illegal scheme were able to keep their profits and avoid prosecution by informing on their underling. While Chen's role could not be characterized as minor, since he made the actual purchases for his bosses, a Guidelines sentence is disproportionately harsh, given the fact that the principals were able to avoid prosecution for their involvement in the scheme by giving up Chen, who was taking his orders from them.

Chen, by dint of hard work and perseverance, was able to make a good life for himself in his adopted country. He was earning $2,600 a month as a bus driver. He had a green card. Because he agreed to help his bosses in their illegal scheme, Chen now faces the virtual certainty of deportation once he finishes his prison sentence. This collateral consequence of his conviction is perhaps worse than the prison sentence.

It is submitted that a sentence of 24 months is sufficient to comply with the purposes set forth in Section 3553(a)(2), i.e., to reflect the seriousness of the offense, to promote respect for the law, to provided just punishment for the offense, and to afford adequate general and specific deterrence. This is particularly so in light of the fact that Mr. Chen will be sent back to China.

JONATHAN MARKS, P.C.

Hon. Paul A. Crotty
May 30, 2008
Page Three

      For the reasons set forth above, I respectfully request that the court impose a sentence of 24 months imprisonment.

                                            Respectfully submitted,

                                            Jonathan Marks

cc:      Steve Lee, Esq.
          Kisha C. Singleton, USPO
          (by email)